MASCHOFF BRENNAN GILMORE
    ISRAELSEN & MAURIEL LLP
C.J. Veverka (UBN 07110)
    *cveverka@mabr.com*
Vicki B. Zgodny (UBN 19753)
    *vzgodny@mabr.com*
1389 Center Drive, Suite 300
Park City, Utah 84098
(435) 252-1360

Attorneys for 8082464 CANADA, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| 8082464 CANADA INC., a Quebec, Canada, corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ELKO WIRE ROPE, INC., a Utah corporation; ELKO WIRE ROPE AND MINING SUPPLY, INC., a Nevada corporation; ELKO WIRE ROPE OF ARIZONA, LLC, an Arizona limited liability company; and ELKO WIRE ROPE OF PHOENIX, LLC; an Arizona limited liability company.<br><br>　　　　Defendant. | Case No. 2:25-cv-00377<br><br>**COMPLAINT FOR PATENT INFRINGMENT**<br><br><br>JURY DEMANDED |

Plaintiff 8082464 Canada Inc., hereby makes this Complaint for Patent Infringement against defendants Elko Wire Rope, Inc., Elko Wire Rope and Mining Supply, Inc., Elko Wire Rope of Arizona, LLC, and Elko Wire Rope of Phoenix, LLC, and alleges as follows:

## I.    PARTIES

1.      Plaintiff 8082464 Canada Inc. is a corporation incorporated in Quebec, Canada, formed under the laws of the Province of Quebec, Canada, with a principal place of business at 203-1800, Rue Semple, Quebec, Canada.

2.      Defendant Elko Wire Rope, Inc. is a Utah corporation formed under the laws of the State of Utah, United States, with a principal place of business at 2425 West Bridger Road, Salt Lake City, Utah.

3.      Defendant Elko Wire Rope and Mining Supply, Inc. is a Nevada corporation formed under the laws of the State of Nevada, United States, with a principal place of business at 4280 East Idaho Street, Elko, Nevada.

4.      Defendant Elko Wire Rope of Arizona, LLC, is an Arizona limited liability company formed under the laws of the State of Arizona, United States, with a principal place of business at 440 East 4th Street, Safford, Arizona.

5.      Defendant Elko Wire Rope of Arizona, LLC, is an Arizona limited liability company formed under the laws of the State of Arizona, United States, with a principal place of business at 2344 North 33rd Avenue, Phoenix, Arizona.

6.      Defendants are related companies sharing a single website (https://www.elkowirerope.net/) and described as a single entity operating under the name "Elko Wire Rope," with physical locations in Salt Lake City, Utah; Elko, Nevada; Phoenix, Arizona; and Safford, Arizona.

7.      The "Getting to Know Us" tab of Defendants' website (https://www.elkowirerope.net/about-us) describes Defendants as follows: "Elko Wire Rope: Lifting Communities for Over 30 Years For more than three decades, Elko Wire Rope has been a

stalwart, family-owned and operated business, catering to the unique lifting needs of our communities. . . . You can find us conveniently located in Salt Lake City, Elko, Phoenix, and Safford."

8.    On information and belief, Defendants' primary place of business is located at the Salt Lake City, Utah location of Defendant Elko Wire Rope, Inc.

9.    On information and belief, Defendants share common management and ownership through the following individuals: Richard Bartholomew, Connie Bartholomew, and Neely Hammond.

10.    On information and belief, Richard Bartholomew, Connie Bartholomew, and Neely Hammond are residents of the State of Utah.

## II.    JURISDICTION, VENUE AND JOINDER

11.    This Court has original jurisdiction over the patent infringement claim asserted in this Complaint under 28 U.S.C. §§1331 and 1338(a) because the claims herein arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

12.    This Court has general and specific personal jurisdiction over Defendants because Defendant Elko Wire Rope, Inc. has its principal place of business in the State of Utah and regularly transacts business in the State of Utah and within this District.

13.    Venue is proper under 28 USC §1400 because Defendant Elko Wire Rope, Inc., and the common owners of all Defendants, reside in this District.

14.    Joinder of all Defendants is proper under 35 U.S.C. § 299 (a) because Defendants act in concert with respect to the alleged acts of infringement and questions of fact common to all defendants will arise in this action.

## III.   GENERAL ALLEGATIONS

15.    Plaintiff and the related company, Megatraction Equipment Inc.("Megatraction"), share common ownership as subsidiaries of Metal7 Inc.

16.    Megatraction provides heavy-lifting technology and solutions to the open pit mining industry for maintaining mining shovels and mobile equipment; thereby reducing mining shovel downtime while enhancing both productivity and safety.

17.    Megatraction and Defendants (Defendants hereinafter collectively referred to as "Elko") are competitors in, at least, the industry of providing heavy-lifting solutions to the open pit mining industry for maintaining mining shovels and mobile equipment.

### A.    The Asserted Patent

18.    One such heavy-lifting solution is disclosed by United States Patent Number 11,851,309 ("the '309 Patent") and entitled "Shovel Lifting System and Method." The '309 Patent issued on December 26, 2023. Attached as Exhibit 1 is a true and correct copy of the '309 Patent.

19.    As an example, claim 1 of the '309 Patent, provides: A method of lifting a shovel having a car body, a dipper, and a counterweight, the method comprising: a) configuring the shovel and a lifting system including lifting units on a lifting site in a relative position wherein a set of lifting units matches corresponding force applying points on the car body and the counterweight, the set of lifting units being operatively connected to a control unit; b) extending the set of lifting units in contact with the corresponding force applying points on the car body and the counterweight; c) lowering the dipper mounted to the shovel onto a supporting surface; and d) starting a lifting operation to raise the shovel to a desired height while the dipper, mounted to the shovel, remains on the supporting surface for a duration of the lifting operation.

20.    By assignment, Plaintiff is the owner of the entire right, title, and interest in the '309 Patent.

**B.    Elko's Infringing Use**

21.    Upon information and belief, Elko has and continues to infringe, at least, claim 1 of the '309 Patent by providing its heavy-lifting services to mining customers in the United States, including, without limitation, lifting a mining shovel for undercarriage repair or maintenance at the Arturo mining site in Carlin, Nevada.

22.    The following images depict the lifting of a mining shovel performed by Elko Wire rope at the Arturo mining site in Calin, Nevada.

 

23.    On April 12, 2024, Megatraction, through counsel, provided Elko notice of the '309 Patent and allegations of infringement of, at least, claim 1 of the '309 Patent. Attached as Exhibit 2 is a true and correct copy of Megatraction's counsel's April 12, 2024 correspondence to Elko.

24.    Since at least April 12, 2024, Elko's infringement has been willful and in disregard for the '309 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

## IV.   COUNT ONE (PATENT INFRINGEMENT)

25.    Plaintiff repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

26.    Elko has been and is infringing the '309 Patent by providing its heavy-lifting operations and methods in the United States in violation of 35 U.S.C. § 271(a).

27.    Elko's infringement has been, and continues to be, knowing, intentional, and willful.

28.    Elko's acts of infringement of the '309 Patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

29.    Elko's acts of infringement of the '309 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plaintiff has no adequate remedy at law.

30.    This case is exceptional and, therefore, Plaintiff is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

**WHEREFORE**, Plaintiff requests judgment against Elko as follows:

31.    A judgement that Elko has infringed Plaintiff's '309 Patent in violation of 35 U.S.C. § 271(a);

32.    Granting an injunction temporarily, preliminarily, and permanently enjoining Elko, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing the '309 Patent;

33.    Ordering Elko to account and pay damages adequate to compensate Plaintiff for Elko's infringement of the '309 Patent, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

34.    Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

35.    Declaring this case exceptional and awarding Plaintiff its reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

36.    Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable in this action.


DATED: May 12, 2025                   Respectfully submitted,

                                      MASCHOFF BRENNAN

                                      By: /s/ *C. J. Veverka*
                                      Attorneys for 8082464 CANADA INC.

7